[No. 26317. Department Two. December 14, 1936.]

FABIO RUMAS, *Appellant*, v. CARL S. BALDWIN
*et al., Respondents.*[1]

*Jos. Coleman* and *Clarence J. Coleman,* for appellant.

*Newton & Newton,* for respondents.

BEALS, J.—Plaintiff sued defendants, asking for a decree forfeiting and cancelling a real estate contract whereby plaintiff agreed in writing to sell to defendants real estate in Snohomish county. Plaintiff asked for forfeiture of the contract because of failure of defendants to pay interest on the purchase price and taxes against the land, both of which the contract required them to pay on or before times therein specified. By their answer, defendants admitted that they had not paid either the interest or the taxes, but pleaded affirmatively that plaintiff, by an instrument in writing signed by the parties, had waived his right to

[1]Reported in 62 P. (2d) 1345.

declare the contract forfeited because of nonpayment of interest or taxes, provided that neither remained delinquent for a period of five years, and that consequently no forfeiture could be declared. Plaintiff having replied to the affirmative defense, denying that he had signed any such agreement, the action was tried to the court, and resulted in the entry of a judgment dismissing the action, from which plaintiff has appealed.

Error is assigned upon the entry of the judgment and upon the denial of appellant's motion for a new trial.

In its oral opinion, the court found that appellant did execute the agreement upon which respondents rely, and appellant not challenging that finding, which is clearly correct, we are concerned only with a question of law, to-wit, whether the writing executed by appellant permitted the respondents to delay payment of both interest and taxes for a period of not to exceed five years without incurring the penalty of forfeiture, or whether the agreement gave them only the right to delay payment of one or other of the two obligations. The agreement limiting appellant's right to forfeit the contract was prepared by respondents, and reads as follows:

"Agreement to be attached to a certain land contract dated September 16, 1919, between Fabio Rumas as seller and Carl S. Baldwin as purchaser for the sale and purchase respectively of

"Lots 11 and 12 of Block 666 Plat of Everett,

"Snohomish County, State of Washington.

"In consideration of the sum of $1.00 paid to the undersigned by Carl S. Baldwin the purchaser under said contract, the undersigned agrees that *unless taxes or interest are delinquent for more than five years from the date of delinquency* that he will not take any step to forfeit said contract by serving a notice of delinquency as provided in said contract; *that in the*

*event of any such delinquency and notice the said purchaser may pay such portion of the interest or taxes that are delinquent for more than five years from the date of delinquency,* it being the intention of the parties that said purchaser may allow *taxes or interest to be delinquent for five years but that he shall not allow delinquency for more than five years from the date of delinquency.*

"Dated August 24th, 1932.
(Signed) "FABIO RUMAS." (Italics ours.)

This agreement, having been prepared by respondents, should, of course, if ambiguous or requiring judicial interpretation, be construed against the persons who prepared it. The trial court held that the agreement permitted respondents to allow taxes and interest to remain unpaid for not longer than five years, without conferring upon appellant the right to forfeit the contract. As it appeared that no taxes or interest were five years delinquent, the trial court held that appellant had no right to forfeit the contract, and dismissed the action.

Clearly, the portion of the agreement first italicized gives respondents the right to allow both taxes and interest to remain unpaid for the five year period. This portion of the contract states the agreement between the parties. By the last italicized words, an attempt was made to explain words which are plain and simple by language which is ambiguous and obscure. Appellant relies upon this latter portion of the contract, contending that the use of the words "taxes *or* interest" limits respondents, and that, because of this portion of the contract, the meaning of the granting portion of the agreement is limited. The contract, down to the attempted explanation of the intention of the parties, clearly vests in respondents the right to permit both taxes and interest to remain unpaid for not over five years. The attempted explanation of the

plain and simple by the obscure and the ambiguous cannot result in limiting the privilege which the granting portion of the contract confers. The agreement must be considered as a whole and the intention of the parties judicially determined only after careful consideration of all portions of the instrument. *Tacoma Mill Co. v. Northern Pac. R. Co.*, 89 Wash. 187, 154 Pac. 173; *State v. Comer*, 176 Wash. 257, 28 P. (2d) 1027.

We have carefully studied the contract, and hold that the trial court properly construed the same in holding that appellant at the time of trial had no right to declare the contract forfeited, neither taxes nor interest being five years delinquent.

Judgment affirmed.

MILLARD, C. J., MITCHELL, TOLMAN, and HOLCOMB, JJ., concur.